# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2019

Lyle W. Cayce
Clerk

No. 18-31053
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-168-3

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

George Johnson challenges the concurrent 18-month and 12-month sentences imposed following the revocation of supervised release for his 2016 convictions for conspiracy to distribute and possess with intent to distribute heroin and for using a communication facility to facilitate a drug offense, respectively. Johnson contends that his sentences, which exceed the range provided in the policy statements of the Sentencing Guidelines, are procedurally unreasonable because the district court did not adequately

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31053

explain its reasons for the upward variance and because the court did not take into account his need for medical care, as required by 18 U.S.C. § 3553(a)(2)(D). He also challenges the sentences' substantive reasonableness, asserting that the court failed to take into account his need for drug rehabilitation, the need to avoid unwarranted sentencing disparities, and the rehabilitative goals of supervised release.

Revocation sentences are generally reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). To the extent Johnson did not object on the aforementioned grounds in the district court, however, review is for plain error. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Under the plain error standard, Johnson must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct such an error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

With respect to the reasons for the sentences, Johnson has not shown the requisite clear or obvious error. In imposing the sentences, the district court cited the nature and circumstances of Johnson's supervised release violations, his history and personal characteristics, the need for deterrence and protection of the public, the types of sentences available, and the advisory range set forth in the policy statements of the Guidelines. *See* 18 U.S.C. § 3553(a)(1), (2)(B)-(C), (3), (4)(B). The district court's listing of the § 3553(a) factors, as well as its statements at sentencing, are sufficient to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

No. 18-31053

As for Johnson's contention that the district court failed to consider his need for medical care, a failure to consider the appropriate § 3553(a) factors may constitute a procedural sentencing error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Although the district court did not list this factor, Johnson has not shown that the omission constitutes error, plain or otherwise. There was no evidence presented indicating that the length of Johnson's prison sentence would have any effect on the possibility that he would seek substance abuse treatment on his own. Under the circumstances, Johnson is unable to show that any failure by the district court to consider this factor rendered his sentences plainly unreasonable. *See Miller*, 634 F.3d at 843.

As for Johnson's substantive-unreasonableness challenge, although the 18-month and 12-month sentences are above the maximum policy statement sentence of 11 months, they are within the statutory maximums of 24 and 12 months. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted). This matter does not warrant a different result. *See id.* at 333. Johnson has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to any irrelevant or improper factors, or committed a "clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Accordingly, he has not established error, plain or otherwise. *See Warren*, 720 F.3d at 332-33; *Miller*, 634 F.3d at 843. The judgment is AFFIRMED.